

1   TIMOTHY S. THIMESCH, Esq. (SBN 148213)
    THIMESCH LAW OFFICES
2   tim@thimeschlaw.com
    158 Hilltop Crescent
3   Walnut Creek, CA 94597-3452
    Telephone:    (925) 588-0401
4   Facsimile:    (888) 210-8868

5   Attorneys for Plaintiff CRAIG YATES

6

7

8                 UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  CRAIG YATES                        )  Case No.
                                       )  Civil Rights
11              Plaintiff,             )
                                       )
12  vs.                               )  **COMPLAINT FOR INJUNCTIVE &**
                                       )  **DECLARATORY RELIEF AND**
13  22ND & YORK LLC; MR. PIZZA MAN;    )  **DAMAGES:** DENIAL OF CIVIL
    OLAVO DOURADO; HANI KAILEH; and    )  RIGHTS OF A DISABLED PERSON IN
14  DOES 1 through 50, Inclusive,      )  VIOLATION OF THE AMERICANS
                                       )  WITH DISABILITIES ACT OF 1990,
15              Defendants.            )  AND CALIFORNIA'S DISABLED
                                       )  RIGHTS STATUTES
16                                     )  **DEMAND FOR JURY TRIAL**
                                       )
17                                     )  [Proper Intradistrict Assignment: San
                                       )  Francisco/Oakland]
18                                     )
                                       )
19

20          Plaintiff CRAIG YATES, on behalf of himself and all other similarly situated disabled

21  persons, hereby complains of Defendants 22ND & YORK LLC; MR. PIZZA MAN; OLAVO

22  DOURADO; HANI KAILEH; and DOES 1 through 50, Inclusive (hereafter "Defendants"),

23  and demands a trial by jury, and alleges as follows:

24                              **INTRODUCTION**

25          1.      This is a small case involving the disabled accessibility of the Mr. Pizza Man

26  located at or about 2678 – 2580 22nd Street, San Francisco, CA, a small sit-down restaurant

27  that entirely excludes persons with disabilities in wheelchairs, as its only entrance is via a

28  steep, vertical ramp with a proper door landing, without an accessible route to dining tables

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1   and condiments, and, most humiliatingly, without an accessible route to reach the unusable

2   and inaccessible restroom provided for customer use.

3       2.      Plaintiff CRAIG YATES is a person with physical disabilities and utilizes a

4   wheelchair for mobility.  His goal is positive: make the restaurant available to all persons

5   alike regardless of their physical condition.

6       3.      The configuration of the restaurant, particularly its entrance, dining tables and

7   public restrooms, deny "full and equal" access required by Title III of the Americans With

8   Disabilities Act of 1990, the California Disabled Rights Acts (sections 54 and 54.1 ff Civil

9   Code), and Title 24 of the California Code of Regulations (now known as the California

10  Building Code).  As a result, Plaintiff has been continuously denied access and/or deterred

11  from visiting the restaurant during the two years preceding the filing of this complaint,

12  suffered violation of his Civil Rights to full and equal access, suffered a denial of his right to

13  due process, was embarrassed and humiliated, and suffered statutory and general damages.

14  Plaintiff seeks damages and injunctive relief requiring provision of access under the ADA at

15  section 308; and injunctive relief for "full and equal access" and statutory damages under

16  California law.

17

18                          **JURISDICTION AND VENUE**

19      4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for

20  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.*  Pursuant

21  to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are

22  also brought under California law, including but not limited to violations of California Health

23  & Safety Code Sections 19955 *et seq.*, including Section 19959; Title 24 California Code of

24  Regulations; and California Civil Code Sections 54 and 54.1 *et seq.*

25      5.      Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on

26  the fact that the real property which is the subject of this action is located in this district and

27  that Plaintiff's causes of action arose in this district.

28      6.      Intradistrict Jurisdiction.   Under Local Rules 3-2 (c) and (d), intradistrict

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 2 —

1   assignment to the San Francisco District is appropriate because the real property that is the

2   subject of this action is located in Marin County, California and Plaintiff's causes of action

3   arose in Marin County.

4        7.    Plaintiff alleges continuous and ongoing discrimination, including from

5   deterrence.   Plaintiff has complained both orally at the restaurant, and then in written

6   communication addressed to both the landlord and tenant. Plaintiff alleges that it would be a

7   futile gesture to provide further notices of violations relating to Plaintiff's continuous visits

8   and deterrence, which are certain to occur on regular basis following the filing of this

9   complaint. Therefore, Plaintiff reserves, and will seek to supplement his complaint at time of

10   trial as to his subsequent events, according to proof.

11

12                              **PARTIES**

13        8.    At all times relevant to this complaint, Plaintiff qualified as a "person with a

14   disability," as this term is used under California law and under federal laws including but not

15   limited to Title III of the ADA. Plaintiff requires the use of a wheelchair for traveling about

16   in public places.

17        9.    At all times relevant herein, Defendants 22ND & YORK LLC; MR. PIZZA

18   MAN; OLAVO DOURADO; HANI KAILEH; and DOES 1 through 50, Inclusive, were

19   and/or are the current, future or prospective owners and operators, lessors and/or lessees of

20   public facilities, and subject to the requirements of California State law requiring full and

21   equal access to public facilities pursuant to Sections 4450 et seq. of the Government Code;

22   19955-19959 of the Health & Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to

23   Title III of the Americans With Disabilities Act of 1990; and to all other legal requirements

24   referred to in this complaint.   Plaintiff does not know the relative responsibilities of

25   Defendants in the ownership, control, and operation of the facilities herein complained of, and

26   alleges a joint venture and common enterprise by all such Defendants.

27        10.   Plaintiff is informed and believes that each of the Defendants herein, including

28   DOES 1 through 50, inclusive, is the owner, constructive owner, beneficial owner, trust,

Shimoff Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 388-0401

**Complaint for Injunctive Relief and Damages**                        — 3 —

1   trustee, agent, ostensible agent, alter ego, master, servant, employer, employee, representative,

2   franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board,

3   commission, department, or other governmental agency, representative, or such similar

4   capacity, of each of the other Defendants, and was at all times acting and performing, or

5   failing to act or perform, within the course and scope of his, her or its authority as a owner,

6   constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master,

7   servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner,

8   associate, parent company, subsidiary, board, commission, department, or other governmental

9   agency, representative, or such similar capacity, and with the authorization, consent,

10   permission or ratification of each of the other Defendants, and is responsible in some manner

11   for the acts and omissions of the other Defendants in proximately causing the violations and

12   damages complained of herein, and have approved or ratified each of the acts or omissions of

13   each other defendant, as herein described.  Plaintiff will seek leave to amend when the true

14   names, capacities, connections, and responsibilities of Defendants 22ND & YORK LLC; MR.

15   PIZZA MAN; OLAVO DOURADO; HANI KAILEH; and DOES 1 through 50, Inclusive, are

16   ascertained.

17

18                              **FACTUAL ALLEGATIONS**

19         11.     Further, the subject restaurant and its facilities, including its paths of travel,

20   entrance facilities, counters, public restrooms, dining tables, and other facilities, are each a

21   "public accommodation or facility" subject to the requirements of Government Code sections

22   4450 et seq., and of the California Civil Code sections 51, 54, 54.1, and 54.3.  On information

23   and belief, each such facility has, since January 1, 1968, undergone unfinished "new

24   construction," and/or "alterations, structural repairs, and additions," each of which has

25   subjected the subject restaurant and its public facilities to state disabled access requirements

26   per section 19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24 of

27   the California Code of Regulations.

28         12.     The barriers that inhibit and prevent Plaintiff's safe and equal use of the

**Complaint for Injunctive Relief and Damages**                          — 4 —

1   business premises include, but are not limited to:

2            a.    The absence of an accessible the main entrance;

3            b.    The absence of an accessible route to the condiment counter;

4            c.    The absence of an accessible dining space;

5            d.    The absence of an accessible transaction counter;

6            e.    The absence of an accessible route to the restroom that is reserved for

7                 customer use;

8            f.    The absence of an accessible public restroom.

9      13.    Plaintiff has complained in writing to Defendants, and, on information and

10   belief Defendants have knowledge, or received notice, of Plaintiff's complaints and that of

11   other persons similarly situated. Despite knowledge of the access problems, and complaints

12   from other disabled patrons, and the passage of extended time since Plaintiff and other

13   disabled persons first provided notice of these deficiencies, Defendants have failed to

14   investigate these problems, and have failed to take the necessary action to provide legally

15   required access features to allow "full and equal" use of the premises by physically disabled

16   persons, and/or has failed to communicate with Plaintiff.

17      14.    Title III of the ADA and California law required the removal of all such

18   barriers.

19      15.    On information and belief, as a result of all Defendants' above stated acts and

20   omissions, Plaintiff suffered loss of his Civil Rights to his statutory and general damage.

21      16.    Moreover, Plaintiff and other similarly situated disabled persons will continue

22   to be damaged on a continuous basis as long as Defendants fail to provide proper disabled

23   access in the respects complained of, as they will either be discouraged from using the

24   restaurant to pursue restaurant business, or to make the visit despite the obstacles to access,

25   they would have to encounter, and suffer, additional discriminatory experiences.

26      17.    Plaintiff has no adequate remedy at law as to the recurring damages facing him

27   each time he returns to these inaccessible facilities. Unless the relief requested herein is

28   granted, Plaintiff and many other physically disabled persons will each suffer irreparable

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages        —5—

1   harm in that their fundamental right to accessible public facilities while patronizing the

2   subject restaurant will be denied and abridged.

3       18.    Plaintiff is further informed and believes that during the applicable statutory

4   periods the named Defendants and each of them have been made aware orally and in writing,

5   of the inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and

6   other persons with disabilities similarly situated, and of the federal and state legal obligations

7   of owners and operators of public facilities to make their facilities accessible to disabled

8   persons. Despite being informed of such effect on disabled persons and the manner in which

9   their practices and lack of accessible facilities were continuing to discriminate against

10   disabled persons on a day-to-day basis, said Defendants and each of them knowingly and

11   willfully failed and refused to take proper steps to rectify this situation and to provide full and

12   equal access for disabled persons to each public facility referred to herein.

13       19.    Plaintiff requests that an injunction be ordered requiring that Defendants make

14   all such facilities herein described, accessible to and usable by disabled persons, and instruct

15   all employees as to proper policies to facilitate access, and set up practices and procedures to

16   ensure that no disabled person who is mobility impaired is denied the use of the

17   aforementioned facilities that are open to the general public, and that all such facilities be

18   made "accessible to and usable by" physically disabled persons.

19       20.    Plaintiff has no adequate remedy at law as to facing the recurring damages

20   facing him each time that he returns to these inaccessible facilities, and unless the relief

21   requested herein is granted, Plaintiff and other disabled persons will each suffer irreparable

22   injury by the deprivation of access to the specified public facilities operated by Defendants.

23

24                           **FIRST CAUSE OF ACTION:**

25           **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

26                              **42 USC §§ 12101ff**

27       21.    Plaintiff repleads and incorporates by reference, as if fully set forth again

28   herein, the allegations contained in paragraphs 1 through 20 of this complaint and

Thimech Law Offices
138 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 6 —

1   incorporates them herein as if separately repled.

2       22.     Pursuant to law, in 1990 the United States Congress made findings per 42

3   U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to

4   more fully protect "some 43 million Americans with one or more physical or mental

5   disabilities;" that "historically society has tended to isolate and segregate individuals with

6   disabilities;" that "such forms of discrimination against individuals with disabilities continue

7   to be a serious and pervasive social problem;" that "the Nation's proper goals regarding

8   individuals with disabilities are to assure equality of opportunity, full participation,

9   independent living and economic self sufficiency for such individuals;" and that "the

10  continuing existence of unfair and unnecessary discrimination and prejudice denies people

11  with disabilities the opportunity to compete on an equal basis and to pursue those

12  opportunities for which our free society is justifiably famous..."

13      23.     Congress stated as its purpose in passing the Americans with Disabilities Act

14  (42 USC § 12101(b)):

15          It is the purpose of this act —

16          (1) to provide a clear and comprehensive national mandate for the elimination of

17          discrimination against individuals with disabilities;

18          (2) to provide clear, strong, consistent, enforceable standards addressing

19          discrimination against individuals with disabilities;

20          (3) to ensure that the Federal government plays a central role in enforcing the

21          standards established in this act on behalf of individuals with disabilities; and

22          (4) to invoke the sweep of Congressional authority, including the power to

23          enforce the 14th Amendment and to regulate commerce, in order to address the

24          major areas of discrimination faced day to day by people with disabilities.

25          (Emphasis added)

26      24.     As part of the Americans with Disabilities Act, Public Law 101-336,

27  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

28  Operated by Private Entities" (42 U.S.C 12181ff). Defendants' facility is among "private

Blumsch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 7 —

1    entities" which are considered "public accommodations" and "commercial facilities."

2         25.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

3    discriminated against on the basis of disability in the full and equal enjoyment of the goods,

4    services, facilities, privileges, advantages, or accommodations of any place of public

5    accommodation by any person who owns, leases, or leases to, or operates a place of public

6    accommodation."

7         26.    Among the general prohibitions of discrimination included in Section

8    302(b)(1)(A) are the following:

9         §  302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.   — It shall be

10        discriminatory to subject an individual or class of individuals on the basis of a

11        disability or disabilities of such individual or class, directly, or through

12        contractual, licensing, or other arrangements, to a denial of the opportunity of

13        the individual or class to participate in or benefit from the goods, services,

14        facilities, privileges, advantages, or accommodations of an entity."

15        § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall

16        be discriminatory to afford an individual or class of individuals, on the basis of

17        a disability or disabilities of such individual or class, directly, or through

18        contractual, licensing, or other arrangements with the opportunity to participate

19        in or benefit from a good, service, facility, privilege, advantage, or

20        accommodation that is not equal to that afforded to other individuals."

21        § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to

22        provide an individual or class of individuals, on the basis of a disability or

23        disabilities of such individual or class, directly, or through contractual,

24        licensing, or other arrangements with a good, service, facility, privilege,

25        advantage, or accommodation that is different or separate from that provided to

26        other individuals, unless such action is necessary to provide the individual or

27        class of individuals with a good, service, facility, privilege, advantage, or

28        accommodation, or other opportunity that is as effective as that provided to

Ohineich Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 8 —

1    others."

2         27.     Among the specific prohibitions against discrimination in the ADA are

3    included the following:

4              § 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies,

5         practices or procedures when such modifications are necessary to afford such

6         goods, services, facilities, privileges, advantages or accommodations to

7         individuals with disabilities..."

8              §   302(b)(2)(A)(iv):  "A  failure  to  remove  architectural  barriers,  and

9         communication barriers that are structural in nature, in existing facilities...

10        where such removal is readily achievable;"

11             § 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a

12        barrier under clause (iv) is not readily achievable, a failure to make such

13        goods, services, facilities, privileges, advantages, or accommodations available

14        through alternative methods if such methods are readily achievable."  The acts

15        and omissions of Defendants set forth herein were in violation of Plaintiff's

16        rights under the ADA, Public Law 101-336, and the regulations promulgated

17        thereunder, 28 CFR Part 36ff.

18        28.     The removal of each of the barriers complained of by Plaintiff as hereinabove

19   alleged (i.e., in paragraph 12) were — at all times on or after January 26, 1992 — "readily

20   achievable."

21        29.     Further, at all times herein mentioned, modification of or removal of these

22   barriers was "readily achievable" under the factors specified in the Americans with

23   Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and

24   the Regulations adopted thereto.

25        30.     "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a

26   facility or part thereof that was altered after the effective date of Section 303 of the ADA in

27   such a manner as to affect or that could affect the usability of the facility or part thereof by

28   persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to

Ohlmeich Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                              — 9 —

1   make alterations in such a manner that, to the maximum extent feasible, the altered portions of

2   the facility are readily accessible to and usable by individuals with disabilities, including

3   individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving

4   a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C.

5   12183), also includes the failure of an entity "to make the alterations in such a manner that, to

6   the maximum extent feasible, the path of travel to the altered area and the bathrooms,

7   telephones, and drinking fountains serving the altered area, are readily accessible to and

8   usable by individuals with disabilities." On information and belief, the subject building

9   constitutes a "commercial facility," and Defendants have, since the date of enactment of the

10   ADA, performed alterations (including alterations to areas of primary function) to the subject

11   building and its facilities, public accommodations, and commercial facilities, which fail to

12   provide facilities and paths of travel to such areas that are readily accessible to and usable by

13   individuals with disabilities, in violation of Section 303(a)(2), and the regulations

14   promulgated thereunder, 28 CFR Part 36ff. This includes the facilities and barriers identified

15   in paragraph 12.

16       31.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308,

17   Plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of

18   the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as Plaintiff is being

19   subjected to discrimination on the basis of disability in violation of this title or has reasonable

20   grounds for believing that he is about to be subjected to discrimination in violation of Sections

21   302 and 303. On information and belief, Defendants have continued to violate the law and

22   deny the rights of Plaintiff and of other disabled persons to access this public accommodation.

23   Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)...

24   injunctive relief shall include an order to alter facilities to make such facilities readily

25   accessible to and usable by individuals with disabilities to the extent required by this title."

26       32.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been

27   required to incur legal expenses and attorney fees, as provided by statute, in order to enforce

28   Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons

Ohlmeich Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925)588-0401

Complaint for Injunctive Relief and Damages                    — 10 —

1    and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of

2    all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant

3    to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of

4    Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505).  Additionally,

5    Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but

6    also to require the Defendants to make their facilities accessible to all disabled members of

7    the public, justifying "public interest" attorneys' fees pursuant to the provisions of California

8    Code of Civil Procedure Section 1021.5.

9         WHEREFORE, Plaintiff pray that this Court grant relief as hereinafter stated:

10

11                   **SECOND CAUSE OF ACTION:**

12     **DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY**

13                        **IN A PUBLIC FACILITY,**

14        **IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

15         33.    Plaintiff repleads and incorporates by reference, as if fully set forth again

16    herein, the allegations contained in Paragraphs 1 through 32 of this complaint and

17    incorporates them herein as if separately repled.

18         34.    Plaintiff Craig Yates and other similarly situated physically disabled persons

19    (whose physical conditions require the use of a wheelchair or other mobility devices) are

20    unable to use public facilities at subject restaurant on a "full and equal" basis unless such

21    facilities are brought into compliance with the provisions of California Health & Safety Code

22    sections 19955 et seq.  Plaintiff is a member of that portion of the public whose rights are

23    protected by the provisions of sections 19955 et seq. Health & Safety Code.

24         35.    Under section 54.1 Civil Code, persons with disabilities are entitled to "full

25    and equal access" to public accommodations.  "Public accommodations" are further defined

26    as a building, structure, facility complex, or improved area which is used by the general

27    public and attendant facilities.

28         36.    Defendants participate in the operation of the subject public accommodation,

Law Office
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 11 —

1  subjecting the property and all such Defendants to the requirements of California's Disabled

2  Rights statutes.

3      37.    Health & Safety Code Section 19955 provides in pertinent part:

4          (a)    The purpose of this part is to insure that public accommodations

5      or facilities constructed in this state with private funds adhere to the provisions

6      of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the

7      Government Code.  For the purposes of this part "public accommodation or

8      facilities" means a building, structure, facility, complex, or improved area

9      which is used by the general public and shall include auditoriums, hospitals,

10      theaters, restaurants, hotels, motels, stadiums, and conventions centers.

11      38.    Health and Safety Code Section 19956, which appears in the same chapter as

12  section 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this

13  state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of

14  Title 1 of the Government Code...."

15      39.    Section 19956 Health & Safety Code was operative July 1, 1970, and is

16  applicable to all public accommodations constructed or altered after that date.  On information

17  and belief, portions of the subject restaurant were constructed and/or altered after July 1,

18  1970, and portions of the subject building were structurally remodeled, altered and have

19  undergone structural repairs or additions after July 1, 1970.  Such construction required such

20  building and its public accommodation facilities to be subject to the requirements of Part 5.5,

21  Sections 19955, et seq., of the Health and Safety Code, which requires provision of access

22  upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or

23  upon a change of occupancy (a form of "alteration").

24      40.    Multiple construction, alterations, structural repairs and/or additions were

25  completed on the subject restaurant property after the January 1, 1968 effective date of

26  Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy &

27  Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be

28  provided in each and every regard complained of in the Complaint.

Oldwick Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 12 —

1      41.    Construction or alteration at such facilities also triggered access requirements

2 pursuant to section 4456 Government Code and Title 24 of the California Code of

3 Regulations. Further, section 19955 Health & Safety Code also requires that, "[w]hen

4 sanitary facilities are made available for the public, clients or employees in such

5 accommodations or facilities, they shall be made available for the physically handicapped."

6 Title 24, California Code of Regulations (formerly known as the California Administrative

7 Code and now known as the California Building Code), was in effect at the time of each

8 alteration which, on information and belief, occurred at such public facility since January 1,

9 1982, thus requiring access complying with the specifications of Title 24 whenever each such

10 "alteration, structural repair or addition" is carried out. Title 24 imposes additional access

11 requirements with which Defendants have not complied, including additional requirements for

12 accessible restrooms which serve the areas of alteration.

13      42.    As a result of the actions and failure to act of Defendants and each of them,

14 and as a result of the failure to provide proper disabled accessible facilities as above

15 described, Plaintiff Craig Yates was denied his Civil Rights, including his right to full and

16 equal access to public facilities, was embarrassed and humiliated, suffered physical,

17 psychological and mental injuries and emotional distress, all to the general damages of

18 Plaintiff in an amount within the jurisdiction of this Court.

19      43.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

20 period preceding the filing of his complaint herein, and the continuous and ongoing damages

21 suffered thereafter.

22      44.    As a result of the Defendants' continuing failure to provide proper access for

23 disabled persons to use the public facilities, Plaintiff has continually been denied his rights to

24 full and equal access to subject restaurant and its attendant facilities on a continuous basis for

25 the above specified period up to the filing of this complaint and continuing until Defendants

26 provide accessible facilities in each of the respects complained of herein.

27      45.    The acts and omissions of Defendants as complained of herein are continuing

28 to have the effect of wrongfully excluding Plaintiff and other members of the public who are

Ohlausch Law Offices
138 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**       — 13 —

1 physically disabled wheelchair users from full and equal access to the public facilities

2 involved. Such acts and omissions continue to treat Plaintiff as inferior and a second class

3 citizen and serve to discriminate against him on the sole basis that he is physically disabled

4 and requires the use of a wheelchair for movement in public places; Plaintiff is unable, so

5 long as such acts and omissions of Defendants continue, to achieve full and equal access to

6 these public facilities. The acts of Defendants have proximately caused and will continue to

7 cause irreparable injury to Plaintiff if not enjoined by this court.

8     46.    WHEREFORE, Plaintiff asks this court to preliminarily and permanently

9 enjoin any continuing refusal by those Defendants which currently own, operate or lease the

10 premises, or who control such premises as the operating public entities, to grant such access to

11 Plaintiff and other similarly situated persons, and to require such Defendants to comply

12 forthwith with the applicable statutory requirements relating to access for the disabled. Such

13 injunctive relief is provided by section 19953 Health & Safety Code and California Civil

14 Code section 55. Plaintiff further requests that the court award damages, attorneys' fees,

15 litigation expenses and costs to Plaintiff pursuant to section 19953 Health & Safety Code,

16 Civil Code section 55, and Code of Civil Procedure §1021.5, all as hereinafter prayed.

17

18                                   **THIRD CAUSE OF ACTION:**

19             **VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

20                          **(§§54, 54.1 and 55 CIVIL CODE)**

21     47.    Plaintiff repleads and incorporates by reference, as if fully set forth again

22 herein, the allegations contained in paragraphs 1 through 46 of this complaint and

23 incorporates them herein as if separately repled.

24     48.    The aforementioned acts and omissions of Defendants and each of them

25 constitute a denial of equal access to and use and enjoyment of these facilities by persons with

26 disabilities, including Plaintiff Craig Yates. Said acts and omissions are also in violation of

27 provisions of Title 24 of the California Administrative Code (later known as the California

28 Code of Regulations and the California Building Code.)

**Obinrich Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**           — 14 —

1       49.     On or about the above dates complained of, and on multiple occasions

2   thereafter, including occasions of deterrence, Plaintiff Craig Yates suffered violations of

3   sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject

4   restaurant facilities on the basis that he was a physically disabled persons.

5       50.     Plaintiff is further informed and believes that before and after such dates, the

6   named Defendants and each of them were made aware orally and in writing of the

7   inaccessibility of their public facility/business to disabled persons, such as Plaintiff, and other

8   persons with disabilities similarly situated, and of the federal and state legal obligations of

9   owners and operators of public facilities to make their facilities accessible to disabled persons.

10  Despite being informed of such effect on disabled persons and the manner in which their

11  practices and lack of acceptable facilities were continuing to discriminate against disabled

12  persons on an ongoing basis, said Defendants and each of them knowingly and willfully failed

13  and refused to take any steps to rectify this situation and to provide full and equal access for

14  disabled persons to each public facility referred to herein.

15      51.     At all times since Plaintiff's above specified complaints, and on information

16  and belief for periods prior to this date, Defendants were on notice of the requirements of the

17  law relating to provision for full and equal disabled access. Especially as Defendants were on

18  full notice, each day that Defendants have continued to deny access to disabled persons

19  constitutes a new and distinct violation of Plaintiff's right to full and equal access to this

20  public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the event of a

21  default judgment against any particular defendant, Plaintiff will seek an injunction requiring

22  provision of all access called for in this complaint, plus damages of $1,000 per incident of

23  encounter or deterrence from the date of Plaintiff's filing of this complaint, plus reasonable

24  attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into

25  full compliance with state and federal access laws protecting the rights of the disabled, or,

26  alternatively, until the date of entry of default.

27      52.     As a result of the denial of equal access to Defendants' facilities due to the acts

28  and omissions of Defendants and each of them in owning, operating, and maintaining this

Ohlausich Law Office
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 15 —

1   subject public facility, Plaintiff Craig Yates suffered violations of his Civil Rights including

2   but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury

3   and discomfort, emotional shock, mental and emotional distress, embarrassment and

4   humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act

5   constituted discrimination against Plaintiff on the sole basis that he was physically disabled

6   and unable, because of the architectural barriers created by the Defendants in violation of the

7   subject laws, to use the public facilities on a full and equal basis as other persons.

8   53.   Plaintiff seeks damages on a continuing and ongoing basis for the statutory

9   period preceding the filing of his complaint, and the continuous and ongoing damages

10  suffered thereafter.

11  54.   Subject to the terms of the preceding paragraph, Plaintiff also seeks damages

12  against all Defendants for the violation of his rights as a person with a disability during his

13  patronage at the subject restaurant, and on multiple visits thereafter, according to proof,

14  pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages,

15  general and special, available pursuant to section 54.3 Civil Code. Plaintiff also seeks such

16  damages for such Defendants' continuing to maintain such facilities in an inaccessible

17  condition since date of his earliest visit, and continuing to the date of the filing of the original

18  complaint, and thereafter until Defendants provide full and equal access. Plaintiff also seeks

19  injunctive relief against all Defendants pursuant to section 55 Civil Code, requiring

20  Defendants to make their facilities accessible to disabled persons in each of the respects

21  complained of herein.

22  55.   As a result of Defendants' acts and omissions in this regard, Plaintiff Craig

23  Yates has been required to incur legal expenses and hire attorneys in order to enforce his

24  rights and enforce provisions of the law protecting access for persons with disabilities and

25  prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery

26  in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions

27  of sections 54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to

28  obtain compensation for damages to Plaintiff, but also to require the Defendants to make their

Skinesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 16 —

1   facilities accessible to all disabled members of the public, conferring a significant public

2   benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions

3   of section 1021.5 Code of Civil Procedure.

4          WHEREFORE, Plaintiff prays for damages and declaratory and injunctive relief as

5   hereinafter stated.

6

7                              **FOURTH CAUSE OF ACTION:**

8   **DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLE III OF THE**

9        **AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S DISABLED**

10                                    **RIGHTS ACT**

11         56.    Plaintiff repleads and incorporates by reference, as if fully set forth again

12  herein, the allegations contained in paragraphs 1 through 55 of this complaint and

13  incorporates them herein as if separately repled.

14         57.    Each violation of the Americans With Disabilities Act of 1990, as complained

15  of in the First Cause of Action hereinabove (the contents of which cause of action is

16  incorporated herein as if separately repled), is also a violation of section 54(c) and section

17  54.1(d) California Civil Code, further and independently justifying damages, injunctive and

18  other statutory relief per section 54.3 and 55 California Civil Code.

19         58.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

20  period preceding the filing of his complaint herein, and the continuous and ongoing damages

21  suffered thereafter.

22         59.    Plaintiff has no adequate remedy at law, and unless the relief requested herein

23  is granted, Plaintiff will suffer irreparable harm in that they will continue to be discriminated

24  against and denied access to the specified public facilities.   Because Plaintiff seeks

25  improvement of access for persons with disabilities, which will benefit a significant portion of

26  the public, Plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil

27  Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

28         WHEREFORE, Plaintiff prays for relief as hereinafter stated.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 17 —

**FIFTH CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

**FOR VIOLATION OF TITLE III OF THE ADA**

60.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 59 of this complaint and incorporates them herein as if separately repled.

61.     Each violation of the Americans With Disabilities Act of 1990, as complained of in the First Cause of Action hereinabove (the contents of which causes of action are incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common law decision.

62.     Plaintiff seeks damages on a continuing and ongoing basis for the statutory period preceding the filing of the complaint herein, and the continuous and ongoing damages suffered thereafter.

63.     As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant to the provisions of Section 52 of the Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 18 —

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH CAUSE OF ACTION:

### (Declaratory Relief)

64.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 63 of this complaint and incorporates them herein as if separately repled.

65.     A present and actual controversy exists among the respective rights and obligations of Plaintiff and Defendants, and separately, as to the obligations that have been impressed by the aforementioned statutes against the restaurant property irrespective of past or future ownership.  Plaintiff requests a judicial determination of his rights and such obligations in a declaration, and also as to whether and to what extent Defendants' conduct and the current configuration of the property violates applicable law.

66.     Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights.  Such declaration is further necessary and appropriate to prevent further harm or infringement of Plaintiff's Civil Rights.

Wherefore, Plaintiff prays the court grant relief as requested hereinbelow.

### PRAYER FOR RELIEF

Plaintiff prays that this Court award damages and provide relief as follows:

1.     Grant injunctive relief requiring that those of the Defendants that currently own, operate, control or lease the subject premises, repair the premises and render them safe to disabled persons, and modify their policies and procedures, and otherwise provide "full and equal access" to the public areas herein complained of, and make such facilities "readily accessible to and usable by individuals with disabilities," according to the standards of sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California Administrative Code; Sections 19955-19959 of the Health & Safety Code; Sections 4450-4456 of the California Government Code; Title III of the Americans With Disabilities Act of 1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal access to physically disabled persons, including Plaintiff, in all manners required by such

Obiter Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                          — 19 —

1    statutes and government regulations;

2        2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied

3    that Defendants' unlawful barriers no longer exist, and will not recur;

4        3.    Issue a declaratory judgment that Defendants' actions and omissions, and

5    failures, including to modify the premises in compliance with the law, and to make reasonable

6    accommodations and reasonable modifications for Plaintiff and other similarly situated

7    disabled persons violates the rights Plaintiff and other similarly situated persons rights under

8    the Health & Safety Code Sections 19955-19959; Civil Code Sections 51, 54, and 54.1 et

9    seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the

10   regulations promulgated thereunder; and the due process clauses of the United States and

11   California Constitutions.

12       4.    Issue a declaratory judgment regarding the obligations impressed by law

13   against the restaurant, and declaring that Plaintiff is entitled to disabled accessible and usable

14   subject restaurant facilities including its accessible route to the main entrance, its public

15   restrooms, its dining tables, and other facilities, so that they may make use of the public

16   facilities and participate in the activities offered by Defendants without suffering

17   discrimination or impediment on the basis of his disability;

18       5.    Because Defendants have refused to remedy the violations at their facility after

19   notice from Plaintiff, Plaintiff seeks an award of statutory and "actual" damages against all

20   Defendants, including general damages and special damages, according to proof, against such

21   Defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

22       6.    Award prejudgment interest on all damages;

23       7.    Award all costs of this proceeding and all reasonable attorneys' fees, litigation

24   expenses and costs as provided by law, including but not limited to those recoverable pursuant

25   to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,

26   section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act; and

27   ////

28

Ghimsisch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 20 —

1    8.    Grant such other and further relief as this Court may deem just and equitable.

2

3    Dated: November 8, 2010           THIMESCH LAW OFFICES

4

5

6    TIMOTHY S. THIMESCH
     Attorneys for Plaintiff CRAIG YATES

7

8                        **DEMAND FOR JURY TRIAL**

9    Plaintiff demands a jury on all claims for which a jury is permitted.

10   Dated: November 8, 2010           THIMESCH LAW OFFICES

11

12

13   TIMOTHY S. THIMESCH
     Attorneys for Plaintiff CRAIG YATES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief and Damages                    — 21 —