**Thimesch Law Offices**
TIMOTHY S. THIMESCH, ESQ., No. 148213
tim@thimeschlaw.com
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff CRAIG YATES

ROBERT F. KANE, ESQ., No. 71407
rkane1089@aol.com
LAW OFFICES OF ROBERT F. KANE
870 Market Street, Suite 1128
San Francisco, CA 94102
(415) 982-1510
(415) 982-5821 (fax)

Attorneys for Defendants 22ND & YORK LLC & HANI KAILEH

LAWRENCE FASANO, JR., ESQ., #80017
lfasano130@aol.com
FASANO LAW OFFICE
720 Market Street, Penthouse Suite
San Francisco, CA 94102-2500
Tel: (415) 956-8800
Fax: (415) 956-8811

Attorneys for Defendant OLAVO DOURADO dba Mr. Pizza Man

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>22ND & YORK LLC; MR. PIZZA MAN; OLAVO DOURADO; HANI KAILEH; and DOES 1 through 50, Inclusive,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 3:10-cv-05041-JL<br>Civil Rights<br><br><br>**CONSENT DECREE AND ORDER** |

## FULL CONSENT DECREE AND ORDER

1. Plaintiff CRAIG YATES on behalf of himself and all others similarly situated members of the public filed a Complaint in this action on November 8, 2010, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1 against Defendants OLAVO DOURADO dba Mr. Pizza Man (hereafter "Tenant") is the owner, operator, and lessee of the public accommodation Mr. Pizza Man ("Subject Restaurant"), located at or near 2678 – 2580 22nd Street, San Francisco, California (hereafter, "the Property"). Tenant leases the Property from Defendant 22ND & YORK LLC, ("Landlord") whose managing member is defendant HANI KAILEH. Together, Plaintiff and the Defendants shall be referred to collectively herein as the "Parties".

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order ("Consent Decree") do not Parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without admission of any liability.

## JURISDICTION

3. The facts requisite to federal jurisdiction are admitted. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq. Article III jurisdiction is proper due to the Plaintiff's continued exposure and use of the restaurant for dining. Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper.

4. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until defendants have fulfilled all conditions hereunder. This agreement is contingent upon Court acceptance of this continuing jurisdiction.

5. The Parties agree to entry of this Consent Decree in order to resolve the below listed allegations raised in the Complaint filed with this Court on November 8, 2010. Accordingly, the parties agree to this Consent Decree without trial or further adjudication of any issues of fact or law concerning the issues specified herein.

6. In order to avoid the costs, expense, and uncertainty of protracted litigation, the

parties to this consent decree, without admitting any liability, agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court.

7. In entering this Consent Decree, Defendants agree this Consent Decree fully vindicates Defendants' violation of Plaintiffs' rights under the Americans with Disabilities Act and Civil Code Section 54 and 54.1.

WHEREFORE, the Parties hereby agree and stipulate to the Court's entry of this Full Consent Decree, which provides as follows:

## SCOPE OF SETTLEMENT

8. This Consent Decree shall be a full, complete, and final disposition and settlement of the below claims that have been or could have been alleged in the Complaint, including for injunctive relief, declaratory relief, statutory and compensatory damages, including personal and bodily injury, and Plaintiff's claims for reasonable statutory attorney fees, litigation expenses and costs. This Consent Decree was reached through negotiations between the Parties. The Court shall retain jurisdiction of this action to enforce and interpret this Consent Decree. The parties agree that if they or any of them seek Court enforcement of this Consent Decree, any such enforcement will be by noticed motion, application or other appropriate request for an order for specific performance, and that a contempt citation or decree will not be sought by any Party.

## AGREEMENTS CONCERNING INJUNCTIVE RELIEF

9. **Specific Agreed Remediations.** As a part of a compromise of global liability, the Defendants each agree that they shall be jointly and severally responsible to perform the following work to provide disabled access at the Subject Restaurant:

    a. Provide a compliant landing at the entry door, which extends a minimum of 60 inches measured perpendicular to the face of the closed door, and extends a minimum of 24 inches beyond the strike edge of the door. This entire clear floor landing shall be level with a maximum slope of 2% in any direction.

    b. Provide one accessible dining table located on accessible route and with clear floor space for one wheelchair space that is located outside the general pedestrian

circulation space. Such table shall provide knee space underneath that is a minimum of 30 inches wide, 27 inches high, and projects back underneath the table a minimum of 19 inches. No pedestal support or pedestal base shall be located anywhere within the rectangular dimension of the foregoing clear space.

 c. Reconfigure the main food service counter to install a lower section that is mounted a maximum height of 34 inches above the finished floor ("AFF"), and has a minimum length of 36 inches. Provide and maintain an accessible route to this bar counter that is a minimum of 36 inches wide.

 d. Lower the condiment counter to a maximum mounted height of 34 inches AFF and,

 e. provide and maintain an accessible route to this counter that is a minimum of 36 inches wide.

 f. Reconfigure and maintain the path of travel to the public restroom in the back stock room to provide an accessible route that is kept fee and clear of obstacles and overhanging obstructions, that is a minimum of 36 inches wide, and that has no slope within it that exceeds 5%, or cross-slope that exceeds 2%.

 g. Reconfigure and enlarge the layout of the restroom to incorporate portions of adjacent areas outside the restroom to create a fully compliant single-occupancy restroom. The enlarged restroom shall provide a compliant door landing, a compliant turning space, clear floor space at the fixtures, compliant transfer spaces in front of and beside the toilet, grab bars, and compliant amenities ("Bathroom Work"). In connection with the Bathroom Work hire a professional CASp certified surveyor to ensure the enlarged public restroom is fully compliant with the standards for a altered facility with a full path of travel obligations. This determination shall be made without regard to any alleged defenses, which are expressly released.

 10. **Performance Standards.** All of the foregoing facilities shall be brought into full and strict compliance with the literal performance standards for altered facilities under the Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992, and

under California's Title 24, (2008), whichever, for any particular element, provides the strongest level of protection to persons with disabilities. Defendant hereby release all alleged claims defenses to literal compliance such as unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility, structural impracticality, 20% cost-cap, etc.

11. **Option to Close Facilities.** In lieu of making modification to any particular facility or amenity called for by this decree, the Defendant may choose to permanently close/remove such facility, element or amenity from public use. Such facility, element or amenity shall not be reopened or re-provided for public use without provision of full disabled access pursuant to the terms of paragraphs 9 and 10.

12. **Time for Compliance.** As to all work other than the Bathroom Work, Defendants shall submit plans and apply for any necessary permits for this work within 60 days of the entry of this Consent Decree on the docket of the court, and complete all such work within 120 days of receiving permits, allowing for good faith interruptions due to inclement weather, contractor unavailability, and other causes under the Doctrine of Force Majeure, during which time theses facilities may continue to be used in their as is condition. Permits from the building department shall be secured for all work. Defendant will provide written notice regarding the status of completion within 240 days after entry of this Consent Decree. Defendant shall then provide Plaintiffs, her attorneys and consultants with physical access to inspect, measure and photograph the facilities to verify that the completed work complies with the terms herein. With regard to the Bathroom Work, the time to obtain necessary permits shall not commence to run until September 16, 2014.

13. **Enforcement.** Should Plaintiff in the future become aware of any facts or conditions relating to the subject public accommodation that may give rise to a claim that Defendants have failed to comply with any of the injunctive relief provisions set forth herein, Plaintiff shall be permitted to file a noticed motion under the current case number of this action seeking enforcement of this Consent Decree, as well as contempt of court. The "prevailing party" in such motion proceedings, whether in full or in part, may be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion, i.e., the fee recovery

Consent Decree & Order:
Case No. 3:10-cv-05041-JL

Page 5

shall be pursuant to the normal prevailing party standards that applied under the subject statutes before entry of this decree, under the subject fee shifting statutes named in the complaint and Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). Thus, Defendants may be entitled to recovery of attorney's fees in such proceeding only upon proof that Plaintiff's motion is frivolous or brought in bad faith.

### RESOLUTION OF STATUTORY DAMAGE CLAIMS

14. Defendants agree to pay the amount of $4,000 in full satisfaction of Plaintiff's claims. A check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff's counsel's hands within seven (7) days of Defendant's Execution of this Consent Decree. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number. Said check shall not be distributed until this Consent Decree is executed by all Parties and the Consent Decree ordered by the Court.

15. The Parties stipulate that the foregoing amount is intended to be paid in full to Plaintiff, and understand that no part of it shall be received by Plaintiff's counsel in compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees, litigation expenses, and costs.

### RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS

16. Defendants agree to pay his the amount of $20,000 in full satisfaction of Plaintiffs' claims for interim and final claims for reasonable statutory attorney fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST," and delivered into Plaintiff counsel's hands within 7 days of Defendants' execution of this Consent Decree. If overnight mail is used, Defendant shall supply Plaintiff's counsel with a tracking number. Said check shall not be distributed until this Consent Decree is executed by all Parties and the Consent Decree ordered by the Court.

### MUTUAL RELESE AND WAIVER OF CIVIL CODE SECTION 1542

17. Each of the parties to this Consent Decree, including Plaintiff's Counsel,

shall be pursuant to the normal prevailing party standards that applied under the subject statutes before entry of this decree, under the subject fee shifting statutes named in the complaint and <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978). Thus, Defendants <u>may</u> be entitled to recovery of attorney's fees in such proceeding only upon proof that Plaintiff's motion is frivolous or brought in bad faith.

### RESOLUTION OF STATUTORY DAMAGE CLAIMS

14. Defendants agree to pay the amount of $4,000 in full satisfaction of Plaintiff's claims. A check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff's counsel's hands within seven (7) days of Defendant's Execution of this Consent Decree. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number. Said check shall not be distributed until this Consent Decree is executed by all Parties and the Consent Decree ordered by the Court.

15. The Parties stipulate that the foregoing amount is intended to be paid in full to Plaintiff, and understand that no part of it shall be received by Plaintiff's counsel in compensation toward each Plaintiff's separate claim for reasonable statutory attorney fees, litigation expenses, and costs.

### RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS

16. Defendants agree to pay his the amount of $20,000 in full satisfaction of Plaintiffs' claims for interim and final claims for reasonable statutory attorney fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "TIM THIMESCH, IN TRUST," and delivered into Plaintiff counsel's hands within 7 days of Defendants' execution of this Consent Decree. If overnight mail is used, Defendant shall supply Plaintiff's counsel with a tracking number. Said check shall not be distributed until this Consent Decree is executed by all Parties and the Consent Decree ordered by the Court.

### MUTUAL RELESE AND WAIVER OF CIVIL CODE SECTION 1542

17. Each of the parties to this Consent Decree, including Plaintiff's Counsel,

understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligation required in this Consent Decree, the parties intend that this Consent Decree apply to all further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and cause3s of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafer discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THETIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

18. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, members, subsidiaries, joint ventures, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of actions of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE**

19. This Consent Decree shall be in full force and effect until the injunctive relief contemplated by this Consent Decree is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree until the injunctive relief contemplated by this Consent Decree is completed. Within thirty (30) days after said work is completed,

Plaintiff shall dismiss this action with prejudice.

## FULL CONSENT DECREE AND ORDER

20. This Consent Decree constitutes the entire agreement between the parties on the matters of Plaintiff's claims for injunctive relief, statutory and personal injury damages, and reasonable statutory attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree, shall be enforceable regarding the matters described herein.

## CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST

21. The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to this Consent Decree, after having received full advice from counsel.

22. This Consent Decree shall be binding on Plaintiffs and Defendants and any successors in interest. During the period of this Consent Decree, the parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during the period of the Court's jurisdiction of this Consent Decree.

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

23. In accordance with the provisions of Title 28, U.S.C. Section 636(c), each undersigned party in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate conduct any and all further proceedings in the case related to enforcement of this Consent Decree. Appeal from such enforcement orders shall be taken directly to the United States Court of Appeals for the Ninth Circuit. Pursuant to this stipulation, each undersigned party requests that this matter be assigned specifically to Magistrate Judge James Larson.

## JOINT PREPARATION AND SEVERABILITY

24. This Consent Decree is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall

nonetheless remain in full force and effect provided that enforcement of the remainder of the Agreement would not deprive any party of the consideration for which it bargained.

### SIGNATORIES BIND PARTIES

25. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

26. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures.

"Plaintiff"

Dated: _____

CRAIG YATES

"Defendants"

"Landlord"

Dated: 5-19-2011

22ND & YORK LLC
By: Hani Kaileh
It Managing Member

"Tenant:

Dated: May 18, 2011

OLAVO DOURADO dba Mr. Pizza Man

Dated: 5-19-2011

HANI KAILEH

**APPROVED AS TO FORM**

Dated: May __, 2011

THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH, ESQ.

Attorneys for Plaintiff
CRAIG YATES

Dated: May __, 2011

ROBERT F. KANE, ESQ.
LAW OFFICES OF ROBERT F. KANE

Attorneys for Defendants

| | |
|---|---|
| 1 | 22ND & YORK LLC and HANI KAILEH |
| 2 | |
| 3  Dated: May 18, 2011 | LAWRENCE FASANO, JR., ESQ.<br>FASANO LAW OFFICE |
| 4 | |
| 5 | *[signature]* |
| 6 | Attorneys for Defendants<br>OLAVO DOURADO dba MR. PIZZA MAN |
| 7 | **ORDER** |
| 8  **IT IS SO ORDERED.** | |
| 9  Date: 5-27-11 | *[signature]* |
| 10 | HON. JAMES LARSON<br>MAGISTRATE JUDGE<br>U.S. DISTRICT COURT |